UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY S. MURPHY, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-611-HAB-ALT |
| CYNTORIA COLLINS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Pro se Plaintiff Zachary Murphy ("Murphy") is suing the Allen County Department of Child Services "("DCS") and some of its employees in both their individual and official capacities. (ECF 1). He brings the claim under 42 U.S.C. § 1983, alleging—essentially—that DCS and its employees are infringing on his right to have a relationship with his son. (*Id.*, at 3–4). Along with his Complaint, Murphy filed a motion for leave to proceed *in forma pauperis.* (ECF 2).

This Court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." 28 U.S.C. § 1915. A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[1]. Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v.*

---

[1] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

*Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Murphy indicates he is self-employed, making only $1,000 per month and spending all of it. He also states that he is supporting two dependents. Beyond that, the only assets he possesses are $184 in a checking account and a 2007 Dodge Caravan. He also adds that he recently lost his home in a fire. In Indiana, 150 percent of the official income poverty line equals $30,660 per year. Given the representations in his motion, the Court finds that paying the filing fee would result in an inability of Plaintiff to provide for the necessities of life. As such, Murphy is financially qualified to proceed *in forma pauperis*.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, Murphy's complaint asserts claims under 42 U.S.C. § 1983. (ECF 1). While the claims are vast and various,[2] the crux of his complaint alleges that DCS violated his rights by colluding to deprive him of custody of his son. (*Id.*, at 3–5). He asserts that this has deprived him of bonding, inflicted mental anguish on both him and his son, and has led to his son not getting medical issues addressed. (*Id.*, at 6). To remedy this, he asks this Court to assume jurisdiction over the placement of his son, award compensatory damages, and issue injunctive relief. (*Id.*). The Court can do none of these things.

---

[2] These include "right to have an intimate familial relationship with my child," gender discrimination, "fathers rights," perjury, oppression, extortion, "defamation of character/slander/libel," and kidnapping. (ECF 1, at 3).

This is not Murphy's first attempt to have this Court intervene with state court proceedings. Two years ago, he filed a separate lawsuit against DCS and its employees related to custody disputes over his older child. *Murphy v. Allen Cnty. DCS/CASA*, No. 1:23-CV-00009-HAB-SLC, 2024 WL 992245 (N.D. Ind. Feb. 14, 2024), *report and recommendation adopted*, No. 1:23-CV-009-HAB-SLC, 2024 WL 983925 (N.D. Ind. Mar. 7, 2024). His claims in that lawsuit are nearly identical to the ones here. Last year, this Court adopted Magistrate Judge Susan L. Collins's report and recommendation and dismissed nearly every claim against DCS and its employees without leave to amend, largely because of abstention principles. *Id.* Murphy got leave to amend a few claims—including one for gender discrimination—because he claimed in his complaint to have more supporting facts. *Id.* at *13–18. But he abandoned the case, and judgment was entered against him. *Id.*, ECF 53. His lawsuit here suffers from the same deficiencies.

First, the custody proceedings appear to be ongoing. Under well-established abstention doctrines and the foundational principles of our federal system, Murphy "cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). State courts are "fully capable of respecting and adjudicating claims" regarding Murphy's rights. *Id.* at 724. He cannot just "invoke § 1983 and point to his constitutional right to familial association" to wiggle his way around that. *Id.* at 722. His claim for gender discrimination could in theory be brought under § 1983. But his assertion of such discrimination is conclusory and not tied to any facts. (ECF 1, at 3–5). Unlike his last lawsuit, he does not purport to have more to offer the Court. And the claim's entanglement with the ongoing custody proceedings makes abstention from it appropriate as well. *Wereko v. Rosen*, No. 22 C 02177, 2023 WL 2241989, at *8 (N.D. Ill. Feb. 27, 2023), *appeal dismissed*, No. 23-1606, 2023 WL 6199190 (7th Cir. Sept. 8, 2023). For claims like these seeking

either money damages or injunctive relief, the proper course is to dismiss, not let this case sit on the Court's docket for nearly two decades.[3] *See J.B.*, 997 F.3d at 725.

Second, the Court cannot hear the other claims he asserts that do not fit within his purported § 1983 claims. Those claims, such as kidnapping, extortion, and defamation, would be tort claims only available under state law, if they can all even be pursued as civil causes of action. Federal courts can only exercise jurisdiction over state-law claims if the parties are citizens of different states and the amount in controversy is more than $75,000. 28 US.C. § 1332(a)(1). Here, all parties are domiciled in Indiana. With diversity lacking, and no federal question present in these claims, the Court cannot exercise jurisdiction to adjudicate them.

That said, courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings unless amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). But no amount of pleading will enable Murphy to escape the abstention or subject-matter jurisdiction problems. And without a claim that the Court can appropriately hear based on federal law, the Court has no supplemental jurisdiction over potential state-law claims. Moreover, no amount of pleading will change the citizenship of the parties to vest the Court with diversity jurisdiction. Thus, the Court finds amendment is futile.

For these reasons, Murphy's complaint fails to state any claim upon which the Court can grant relief. Accordingly, the Court DENIES Murphy leave to proceed in forma pauperis (ECF 2)

---

[3] Murphy's son is less than one year old according to his motion to proceed *in forma pauperis*. (ECF 2, at 3). And "state court custody proceedings, or, at least oversight by the state court, will be continual until [his son] reach[es] 18 years of age." *J.B.*, 997 F.3d at 725.

and his claims are DISMISSED WITHOUT PREJUDICE. This ruling does not prevent Murphy from asserting any of his claims in state court.

**SO ORDERED** on December 4, 2025.

                                                  s/ *Holly A. Brady*
                                                  CHIEF JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT